[No. 5414-1-II.   Division Two.   January 28, 1983.]

R. E. DAVIDSON, *Appellant,* v. THE DEPARTMENT
OF LICENSING, ET AL, *Respondents.*

784

*Don Taylor,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *John G. Hennen, Assistant,* for respondents.

REED, J.—R. E. Davidson, D.C., appeals from a superior court judgment affirming the Chiropractic Disciplinary Board's suspension of his chiropractic license. We affirm.

On June 6, 1977, the Washington State Department of Licensing initiated an action before the Chiropractic Disciplinary Board alleging that Dr. Davidson had engaged in unprofessional conduct in the course of providing chiropractic treatment to Teresa Trimble and Charlotte Shoemaker. On September 21, 1977, an administrative hearing was held before a 3–member committee of the Board. At this hearing Trimble and Shoemaker both testified that Dr. Davidson's treatment of their lower back pain included a massage of their breasts and genital area with a hand–held vibrator. Trimble further testified that she never received a spinal adjustment and that, except for a rare back massage, she was always treated while lying on her back. Dr. Davidson testified that the vibrator massage was designed to release tension in various "trigger zone areas" and was complementary or preparatory to a chiropractic adjustment. No evidence was presented by the Department disputing the propriety of the vibrator massage as treatment for the chiropractic problems suffered by the two female patients.

On the basis of the foregoing testimony, the hearing committee recommended a finding that Dr. Davidson's massage of the two patients was inappropriate treatment for their chiropractic problems and that his conduct was motivated, at least in part, by a desire for sexual stimulation. The hearing committee further recommended that Dr. Davidson be found to have engaged in unprofessional conduct under RCW 18.26.030(7) (*i.e.,* commission of acts of gross misconduct in the practice of his profession).

On February 7, 1978, the full Board reviewed the record and adopted the findings and conclusions recommended by the hearing committee. It suspended Dr. Davidson's chiropractic license for 6 months and placed him on probation for an additional 18 months. The Board's order of suspension was subsequently affirmed by the Thurston County Superior Court.

In his first assignment of error Dr. Davidson maintains that he was denied due process because the Board's findings and conclusions were not based on evidence in the record. Specifically, he contends that the Board improperly relied on its own expertise in determining that the vibrator massage was inappropriate chiropractic treatment and that his conduct was partially motivated by a desire for sexual stimulation. He argues that this determination should have been based on expert testimony which could have been subjected to cross examination.

■ It is well settled that when acting in a judicial capacity, an administrative board cannot base its findings and conclusions upon undisclosed documentary evidence or personal knowledge of the facts. *Ohio Bell Tel. Co. v. Public Utils. Comm'n,* 301 U.S. 292, 81 L. Ed. 1093, 57 S. Ct. 724 (1937). However, an administrative agency, or its authorized agents, may use their experience and specialized knowledge to evaluate and draw inferences from the evidence presented to them. *See* RCW 34.04.100(4); *Market St. Ry. v. Railroad Comm'n,* 324 U.S. 548, 560, 89 L. Ed. 1171, 65 S. Ct. 770 (1945). Moreover, courts of numerous jurisdictions, including Washington, have held that in a

medical disciplinary proceeding an administrative board comprised of medical practitioners is competent to determine the propriety of medical conduct without the aid of expert testimony. *See, e.g., State Med. Disciplinary Bd. v. Johnston,* 29 Wn. App. 613, 630 P.2d 1354, *review granted,* 96 Wn.2d 1011 (1981); *Jaffe v. State Dep't of Health,* 135 Conn. 339, 64 A.2d 330 (1949). These courts have recognized that expert testimony regarding the propriety of medical conduct could be disregarded by a board of this type and in all probability would have little effect on the decisionmaking process. *See Jaffe v. State Dep't of Health, supra; Arlen v. State,* 61 Ohio St. 2d 168, 399 N.E.2d 1251 (1980).

In view of the foregoing legal authority, we hold that Dr. Davidson's due process rights were not violated in the instant case. The Chiropractic Disciplinary Board is almost exclusively composed of experts in the chiropractic field. *See* RCW 18.26.040. Consequently, the Board was entitled to rely on its own specialized knowledge in its evaluation of the evidence and determination of whether or not Dr. Davidson's "massage" accorded with appropriate chiropractic treatment. *See Jaffe v. State Dep't of Health, supra.* Moreover, once it had determined that the "massage" was inappropriate treatment, we believe the Board was entirely justified in drawing the inference that Dr. Davidson's conduct was motivated in part by a desire for sexual stimulation. As a practical matter, if the genital massage was not appropriate treatment, no other reasonable inference could be drawn from the remaining facts and circumstances surrounding his conduct with the two female patients. *See generally* 2 Am. Jur. 2d *Administrative Law* § 344 (1962) (as a general matter of administrative law, all the circumstances and reasonable inferences deducible therefrom may be considered and may be believed as against direct evidence to the contrary).

■ In his second assignment of error Dr. Davidson maintains that, assuming his treatment of the two female patients was inappropriate chiropractic care and partially

motivated by a desire for sexual stimulation, it was not sufficiently flagrant or extreme to qualify as an act of gross misconduct in the practice of his profession under RCW 18.26.030(7). This argument is not well taken. Although RCW 18.26 does not define "an act of gross misconduct in the practice of the profession," other jurisdictions have interpreted this standard as encompassing any conduct in the course of practice which tends seriously to undermine public confidence in the profession. *See Forziati v. Board of Registration in Medicine*, 333 Mass. 125, 128 N.E.2d 789 (1955). Dr. Davidson's sexual misconduct clearly meets this definition and violated this standard. *Cf. Martinez v. Texas Bd. of Med. Examiners*, 476 S.W.2d 400 (Tex. Civ. App. 1972) (sexual misconduct between doctor and patient patently violative of similar statutes).

Finally, Dr. Davidson contends that the Board's findings that the vibrator massage constituted inappropriate chiropractic treatment and was partially motivated by a desire for sexual gratification were clearly erroneous and arbitrary and capricious, there being no affirmative evidence in this regard. This contention is without merit in view of our previous holding that the Board was entitled to rely on its own expertise in making these factual determinations.

We affirm.

PETRICH, C.J., and WORSWICK, J., concur.

Reconsideration denied March 3, 1983.

Review denied by Supreme Court April 18, 1983.